IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TALAT KABIL,

    Plaintiff,                      No. CIV S-08-0310 WBS GGH P

    vs.

MICHAEL CHERTOFF, Secretary of
the Dept. of Homeland Security, et al.,

    Defendants.               ORDER

_____/

        Plaintiff, evidently an inmate in the custody of Immigration and Customs Enforcement (ICE) currently housed in Kern County Jail, has filed a purported civil rights complaint. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is unable to assess a filing fee at this time because plaintiff's claims have not been made with sufficient clarity for the court to discern whether he intends to challenge the legality of his detention or whether he simply intends to allege violations of his federal civil rights by the numerous defendants. Indeed, in the caption of his case, he identifies himself as both plaintiff and petitioner. Plaintiff unclearly sets forth the history of his current detention and

states that he is being unlawfully detained, but also alleges that he has received inadequate medical care for largely unspecified serious medical needs.  He lists a litany of federal officials as defendants, including but not limited to, Department of Homeland Security Secretary, Michael Chertoff; ICE Commissioner Julie Myers; former Attorney General Alberto Gonzales; Attorney General Michael Mukasey.

Plaintiff's filing violates Fed. R. Civ. P. 8.  Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts.  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint."  McHenry , 84 F.3d at 1179-80.  With respect to any amended complaint, plaintiff need not attach further exhibits.  Rather, absent exhibits, each allegation of the amended complaint should be plainly expressed and organized cohesively.

Plaintiff's filing will be dismissed but plaintiff will be granted leave to amend within 30 days. Plaintiff's request for appointment of counsel will be denied at this time.

Accordingly, IT IS ORDERED that:

1. This complaint is dismissed with leave to amend within 30 days. Failure to file an amended complaint will result in a recommendation of dismissal of this action; and

2. Plaintiff's February 11, 2008 (# 3), motion for appointment of counsel is denied.

DATED: 05/08/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
kabi0310.ord