IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TALAT MOHAMED KABIL,

        Plaintiff,                    No. CIV S-08-0310 WBS GGH P

    vs.

MICHAEL CHERTOFF, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        On November 26, 2008, this action was dismissed, and judgment thereon entered. A brief document from plaintiff, directed to the Clerk of the Court and entitled "motion for clarification and reconsideration," was subsequently filed on December 18, 2008. Although it appears that plaintiff may not have been in receipt of the Order dismissing his complaint at the time that he filed the pending motion, the court will construe the motion as one brought before this court pursuant to Fed. R. Civ. P. 60(b).

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

\\\\\

1

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

By Order, filed on 5/08/08, plaintiff's original complaint, filed on 2/11/08, was dismissed, and plaintiff was granted 30 days leave to amend.  Within that Order, plaintiff was informed in what manner his complaint was violative of Fed. R. Civ. P. 8, and advised that his failure to amend would result in a recommendation of dismissal of the instant action.  Plaintiff, who identified himself as both plaintiff and petitioner in the original complaint, was also informed that the court was unable even to assess a filing fee at that time because his claims were made with insufficient clarity to determine whether he intended to challenge the legality of his detention or to allege federal civil rights violations by numerous defendants.  Plaintiff's requests for appointment of counsel were denied.  See docket.

By Order, filed on 5/27/08, plaintiff was granted an extension of time until 7/7/08, to file an amended complaint, but cautioned that there would be no further extension of time.  Thereafter, plaintiff failed to file an amended complaint and, citing Local Rule 11-110 and Fed. R. Civ. 41(b), the court recommended dismissal of this action with prejudice.  See Findings and Recommendations, filed on 8/07/08.  The docket indicates that plaintiff filed notices of changes of address to Egypt, on 8/11/08 and 8/14/08, and also indicates that the 8/07/08, Findings and Recommendations were returned and then re-served upon plaintiff's address in Egypt.

In his letter/motion, plaintiff states that mail from the court did not include the name of the country, Egypt, where plaintiff is now located, nor did it contain an international

mail label, which caused the mail to be returned.  Plaintiff contends that he called the court several times to ascertain that the address has been corrected.  He states that he received, on 11/27/08, the court's "order," dated 8/07/08,[1] re-served on 8/29/08.  He further asserts that he received a court order, dated 9/19/08 (which was a denial of a third request for appointment of counsel), on 11/22/08.  Plaintiff states that he does not know what new date he has to amend his complaint and asks that the court consider his circumstances and reconsider his request for appointment of counsel in light of his struggle to communicate by mail and apparently because he does not have access to law books in his country.

The court's review of the proofs of service in the electronic docket indicates that all court documents were sent to plaintiff conventionally, i.e., by mail, since his relocation to Egypt and did contain the name of that country in the address on the envelope.  On neither of the envelopes that plaintiff attached to his letter with the court's return address are the addressee's name and address any longer visible as scanned into the docket: the first envelope contains some hand-writing in Arabic, while the second scanned document indicates an "International Mail" stamp.  Nothing in the docket indicates that plaintiff failed to receive the 5/27/08 Order granting plaintiff an extension of time until 7/07/08, to file an amended complaint, with no further extension.  Nor does plaintiff indicate that he failed to receive that order.  By the time of writing and sending the current motion, plaintiff, although belatedly, had evidently received the recommendation of dismissal for failure to amend.  Nevertheless with the current motion, plaintiff fails to attach even at this late date any proposed amended complaint.  Thus, plaintiff has added nothing new or substantive not previously before the undersigned, nor does he demonstrate a sufficient basis for the court to find that the judgment was mistaken.

Accordingly, IT IS RECOMMENDED that plaintiff's "motion for clarification and reconsideration," filed on December 18, 2008 (# 21), and construed as a motion brought

---

[1] This was actually the Findings and Recommendations, recommending dismissal with prejudice.

3

pursuant to Rule 60(b), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2009

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
kabi0310.rcn